William PARIS, Petitioner,

v.

Patrick WHALEN, Superintendent, F.P.C., Allenwood, Respondent.

Civ. No. 86–1485.

United States District Court, M.D. Pennsylvania.

Aug. 18, 1987.

Alan Ellis, Peter Goldberger, Ellis & Newman, P.C., Philadelphia, Pa., for petitioner.

Barbara Kosik, Asst. U.S. Atty., Scranton, Pa., for respondent.

## ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 21, 1986, William Paris, a prisoner at the Federal Prison Camp-Allenwood, located in Montgomery, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 2, 1987, he filed an amended petition for writ of habeas corpus. The Clerk of Court assigned the responsibility for this case to us but referred it to United States Magistrate Raymond J. Durkin for a report and recommendation.

Presently before us is the report of Magistrate Durkin recommending that we grant the petition for writ of habeas corpus unless, within a reasonable period of time, the commission recomputes Paris's presumptive parole date. Both the Respondent and Paris filed objections to the Magistrate's report. We have reluctantly permitted the parties numerous extensions of time within which to file documents. The petition is now ripe for our disposition.

When objections are filed to a report of the Magistrate, we must make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objections are made. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1); Local Rule 904.2. We review the Magistrate's findings and recommendations to determine if they are clearly erroneous or contrary to the law. *United States vs. Radditz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Furthermore, district courts are to be granted wide discretion as to how they treat recommendations of a Magistrate. *Id.* Before we address the objections raised by the parties some factual background is necessary.

On August 22, 1983, Paris was found guilty by jury of conspiracy to distribute a quantity of amphetamine in violation of 21 U.S.C. § 846; possession of a controlled substance in violation of 21 U.S.C. § 844(a); unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1) and § 922(h)(1) in the United States District Court for the Eastern District of Pennsylvania. On October 11, 1983, Paris was sentenced to a 12–year term of imprisonment.

On January 24, 1984, Paris was found guilty by jury of conspiracy to possess with intent to distribute a quantity of amphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and conspiracy to manufacture amphetamines in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 in the United States District Court for the District of Massachusetts. On February 29, 1984, Paris was sentenced to a 10-year term of imprisonment to run concurrently with and not consecutively to the 12-year term imposed in the Eastern District of Pennsylvania.

On October 1, 1985, Paris was provided an initial parole hearing. The hearing examiner panel recommended rating the severity of Paris' offense as a "category 6". It assessed his salient factor score as 6 out of a possible score of 10, 10 representing the lowest risk of parole violation. The parole guidelines for a prisoner with a salient factor score of 6 and a category 6 offense severity rating indicate a term of incarceration of 52 to 64 months. 28 C.F.R. § 2.20. Nevertheless, because of his continued pattern of criminality the panel recommended continuing Paris to a presumptive date above the guideline range of April 17, 1989, after 72 months of incarceration.

The Regional Commissioner agreed with the recommendation of the examiner panel and by notice of action dated October 21, 1985, continued Paris to a presumptive parole date April 17, 1989.

Paris appealed to the National Appeals Board of the Commission and on February 11, 1986, it affirmed the decision of the Regional Commissioner. Paris subsequently filed the petition for writ of habeas corpus now before us.

Paris objects to Magistrate Durkin's finding that (1) the Commission properly set his offense severity rating at "category 6" and (2) the disparity between the offense severity rating assigned to Paris and that assigned to his co-defendant was not unwarranted. The Respondent objects to Magistrate Durkin's finding that the Commission's decision to continue Paris beyond his applicable guideline range violated § 235(b)(3) of the Sentencing Reform Act, Pub.L. 98–473, 1984 U.S.Code Cong. & Ad. News (98 Stat. 1987, 2032), and his recommendation that Paris's petition for writ of habeas corpus be granted unless the Parole Commission recomputes the presumptive parole date for Paris within his applicable guideline range. We shall address each of these objections *seriatim.*

1. Offense Severity Rating.

The Commission found that Paris was involved in a conspiracy to manufacture more than 200,000 doses of amphetamines; therefore, it rated his offense severity as "category 6" pursuant to 29 C.F.R. § 2.20. In making its finding, the Commission relied upon the following statement contained in the pre-sentence investigation report prepared in the Eastern District of Pennsylvania:

On April 13, 1983, the confidential informant met with Schmidt [Paris's co-defendant] who advised that he wanted a place to cook eight pounds of amphetamines or methamphetamine by Friday, October 15, 1983. Schmidt gave the informant Paris's telephone number and told the informant that he and Bill Paris would be doing the cooking....

Paris argued to the Commission that the above quoted statement from the presentence report was erroneous. In support of his position he submitted an affidavit from Mr. Schmidt in which Schmidt stated that he and Paris had indeed discussed manufacturing eight pounds of methamphetamine but had decided not to do so and were arrested before they could advise the informant. (Eight pounds is the equivalent of 362,400 doses. Summary of initial hearing of October 1, 1985.) *See* Petition for Writ of Habeas Corpus. Exhibit B, Affidavit of Lesley Schmidt.

After reviewing the pre-sentence investigation report and Leslie Schmidt's affidavit, the Commission concluded that the Government's version indicating Paris's participation in a conspiracy to manufacture amphetamines on a very large scale was more persuasive than Paris's version of the offense as supported by the affidavit of Schmidt. *See* February 11, 1986, Notice

of Action. It rejected Schmidt's affidavit as not credible.

Paris argues that the Commission acted in an arbitrary and capricious manner because it did not explain why it rejected as not credible Schmidt's statement.

■ The role of a reviewing court is to determine whether the Commission abused its broad discretion by inquiring as to whether there is a rational basis on the record for the Commission's conclusion. *Zannino vs. Arnold,* 531 F.2d 687, 691 (3d Cir.1976). In ascertaining the facts it is entirely appropriate for the Commission to consider pre-sentence investigation reports. 18 U.S.C. § 4207(3); *Campbell vs. United States Parole Commission,* 704 F.2d 106, 109 (3d Cir.1983). Additionally, it may assess the credibility of the information presented to it. *See Williams vs. United States Parole Commission,* 617 F.Supp. 470, 476 (M.D.Pa.1985); *See also* 28 C.F.R. § 2.19(c) (Commission shall resolve disputes with respect to information presented by a preponderance of the evidence standard.)

■ It is our view that it was not irrational for the Parole Commission to conclude that Paris conspired to manufacture more than 200,000 doses of amphetamines or methamphetamines and to reject Paris's version as supported by Schmidt's affidavit as not credible. First, Schmidt's post-trial affidavit corroborates the information contained in the pre-sentence report that Paris and Schmidt discussed manufacturing eight pounds of amphetamines or methamphetamines. Second, on the basis of the evidence before it, it was reasonable for the Commission to find that the plan to manufacture amphetamines was not abandoned, but was aborted because of the intervening arrest. (Schmidt and Paris were arrested five days after Schmidt told the informant of their intent to manufacture eight pounds of amphetamines or methamphetamines.) Third, the pre-sentence investigation reports which were before the Commission and were submitted for our in camera review reveal that Paris has a long history of drug-related offenses, including convictions for manufacturing and attempting to manufacture methamphetamines dating back to 1975. We shall deny Paris's petition for habeas corpus relief on the ground that the Parole Commission impermissibly rated the severity of his offense as "category 6".

2. Disparate Treatment of Paris's Co-Defendants.

■ Paris objects to the Magistrate's finding that the disparity between the offense severity rating assigned to Paris and that assigned to his co-defendant, Schmidt, does not warrant habeas corpus relief. The Magistrate was correct in stating that Paris is not entitled to be treated in the same manner as his co-defendant. *Lynch vs. United States Parole Commission,* 768 F.2d 491 (2d Cir.1985). Paris provides no authority for his contention that co-defendants should be similarly treated. The Commission concedes that it erred in setting Schmidt's offense severity rating at 5 rather than 6, but states that it is not required to compound the error by similarly erroneously rating Paris's offense severity. We agree. We shall not grant Paris's habeas corpus petition on the ground that his co-defendant was assigned a different offense severity rating.

3. Applicability of Section 235(b)(3) of the Sentencing Reform Act.

The Respondent objects to the recommendation of the Magistrate that it be required to recompute the presumptive parole date for Paris within the applicable guideline range pursuant to § 235(b)(3) of the Sentencing Reform Act, Pub.L. 98–473, 1984 U.S.Code Cong. & Ad.News (98 Stat. 1987, 2032), reprinted in the historical note of 18 U.S.C. § 3551.

The major change created by the Sentencing Reform Act is to replace indeterminate sentences and parole with determinate sentences and no parole. Congress recognized that a transition period was necessary for individuals sentenced under pre-existing law. Section 235(b)(1)(A) of Public Law 98–473 provides that the Parole Commission shall remain in effect for five years after the effective date of the Sentencing Reform Act for an individual convicted of

an offense before the effective date of the Act and Section 235(b)(3) directs the Commission to set their release dates during the five year transition period.

Specifically, § 235(b)(3) of the Sentencing Reform Act provides that:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Paris contends that this section requires the Parole Commission now to set a parole release date for him within his applicable guideline range because he will be within the jurisdiction of the Parole Commission the day before the expiration of five years after· the effective date of the Act. The Sentencing Reform Act becomes effective on November 1, 1987, § 235(a)(1)(B)(ii) of Pub.L. 98–473 (1984), as amended by Pub.L. 99–217 (1985).

The Magistrate agreed that Paris would be within the jurisdiction of the Parole Commission on the day before five years after the effective date of the Act. He determined that "jurisdiction" has the same meaning in § 235(b)(3) as in 18 U.S.C. § 4210(b). 18 U.S.C. § 4210(b) provides in relevant part that "... jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced...." Having concluded that Paris would be within the "jurisdiction" of the Commission until April 18, 1995, twelve years after the start of his twelve-year sentence, the Magistrate found that the Commission's decision to continue Paris beyond his applicable guideline range violated § 235(b)(3) and recommended for that reason that this Court grant the petition for writ of habeas corpus unless within

a reasonable period of time the Parole Commission recomputed Paris's presumptive parole date within the applicable guidelines.

The Respondent argues that the Magistrate erred in his broad reading of the term "jurisdiction" under § 235(b)(3). He asserts that 18 U.S.C. § 4210(b) does not define jurisdiction; it refers merely to the length of time over which the Commission retains power to supervise a parolee and to revoke parole for violations of the conditions of parole. The Respondent contends that as used in § 235(b)(3), jurisdiction refers to the Commission's power to set parole dates for individuals sentenced under pre-existing law who will still be in prison on the day before the Commission goes out of existence. We agree with the Respondent and conclude that the Magistrate's conclusion is erroneous.

Section 235(b)(3) requires the Parole Commission to "... set a release date ..." for all prisoners within its "jurisdiction." Clearly no release date can be set for those individuals already on parole. Our interpretation of the meaning of the word "jurisdiction" in § 235(b)(3) is supported by the legislative history which provides in relevant part:

Most of those individuals incarcerated under the old system will be released during the 5–year period. As to those individuals who have not been released at that time, *the Parole Commission must set a release date for them prior to the expiration of the five years* that is consistent with the applicable parole guidelines. (emphasis supplied)

Senate Report 98–225, at page 189, reprinted in 1984 U.S.Code Cong. & Admin.News 3372. See also *Romano vs. Luther,* 816 F.2d 832, 840–841 (2d Cir.1987).

■ Having determined that the jurisdiction of the Commission in § 235(b)(3) relates to its power to set parole dates for individuals still in prison on the day before the Parole Commission ceases to exist and who were sentenced under pre-existing law, we must conclude that § 235(b)(3) of Pub.L. 98–473 is inapplicable to Paris' case. Paris is scheduled to be released on parole

on April 17, 1989; therefore, he will not be within the jurisdiction of the Parole Commission on October 31, 1992.

■ However, even if we agreed with the Magistrate's interpretation of "jurisdiction", the Parole Commission would not now be required to set a release date for Paris within his applicable guidelines. Section 235(b)(3) requires the Parole Commission to set release dates "... early enough to permit consideration of an appeal of the release date in accordance with Parole Commission procedures ..." before the expiration of the five-year transition period. The National Appeals Board is required to decide administrative appeals within 60 days of receipt, 18 U.S.C. § 4215(b); thus, the Parole Commission would not be required to set a parole date now under § 235(b)(3) to insure a decision by October 30, 1992. We shall deny Paris's petition for writ of habeas corpus on this ground.

We have reviewed the report of the Magistrate, the Petition for Writ of Habeas Corpus, the Response, and all the briefs filed in this case. We find no error with those portions of the Magistrate's report concerning the setting of Paris' offense severity rating and the basis for the Commission's decision to set Paris' presumptive release date above the guidelines and shall adopt those portions of the report as our own. However, we find the Magistrate's discussion and finding with respect to § 235(b)(3) of the Sentencing Reform Act to be erroneous and shall therefore reject his recommendation that Paris' petition for writ of habeas corpus be granted.

### NOW, THEREFORE, IT IS ORDERED THAT:

1. Paris' petition for writ of habeas corpus is denied.

2. The Clerk of Court shall send a copy of this order to United States Magistrate Raymond J. Durkin.

3. The Clerk of Court shall close this case.